**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Steven N Williams, | No. CV-22-00069-PHX-MTM |
| Plaintiff, | **ORDER** |
| v. | |
| Ludden Health Care Incorporated, | |
| Defendant. | |

All parties have voluntarily consented to the jurisdiction of the undersigned United States Magistrate Judge under 28 U.S.C. § 636(c).

Before the Court are Defendant's motion for more a definite statement, or in the alternative to dismiss for failure to state a claim (doc. 11), and Defendant's motion to stay (doc. 12).

A motion for a more definite statement should not be granted unless a pleading "is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." *Sagan v. Apple Computer, Inc.*, 874 F. Supp. 1072, 1077 (C.D. Cal. 1994) (quoting Fed. R. Civ. P. 12(e)). "Motions for a more definite statement are viewed with disfavor and are rarely granted because of the minimal pleading requirements of the Federal Rules." *Id.* "[A] motion for a more definite statement must be considered in light of the liberal pleading standards of Rule 8(a)." *Bureerong v. Uvawas*, 922 F. Supp. 1450, 1461 (C.D. Cal. 1996). Under Federal Rule of Civil Procedure 8(a), plaintiffs must merely set forth "a short and plain statement of the claim showing that [they are] entitled to relief."

The Court concludes Plaintiff's complaint is not so vague or ambiguous as to prevent Defendant from being able to file a responsive pleading. It states the specific claim Plaintiff brings against Defendant—a wrongful-death claim—and alleges facts to support it. Without deciding whether Plaintiff has alleged sufficient facts to survive a motion to dismiss under Rule 12(b)(6), the Court will deny Plaintiff's motion for a more definite statement, as "[t]he purpose of Rule 12(e) is to provide relief from a pleading that is unintelligible, not one that is merely lacking detail." *U.S. E.E.O.C. v. Alia Corp.*, 842 F. Supp. 2d 1243, 1250 (E.D. Cal. 2012). The Court does not find Plaintiff's complaint to be so unintelligible that Defendant cannot answer.

As to Defendant's motion in the alternative to dismiss, Defendant failed to comply with Local Rule 12.1(c). The Court will not consider a motion to dismiss for failure to state a claim "unless the moving party includes a certification that, before filing the motion, the movant notified the opposing party of the issues asserted in the motion and the parties were unable to agree that the pleading was curable in any part by a permissible amendment offered by the pleading party." LRCiv 12.1(c). Compliance with this rule is relatively easy to meet, as "[t]he movant may comply with this rule through personal, telephonic, or written notice of the issues that it intends to assert in a motion." *Id.*

Defendant gives no good cause for its failure to comply with LRCiv 12.1(c)'s certification requirement. In its motion to stay, Defendant merely says "Counsel for Ludden has been unable to discuss the issues raised in Ludden's Motion to Dismiss with Plaintiff." (Doc. 12 at 1.) This is an insufficient attempt to comply with the Local Rules and insufficient cause to excuse compliance. Though the Local Rules provide "a motion [to dismiss] that does not contain the required certification may be stricken summarily," the Court will decline to do so because it is a motion in the alternative to its motion for a more definite statement. Accordingly, the Court will deny without prejudice the motion for a more definite statement, or in the alternative to dismiss. Having denied the motion for a more definite statement, or in the alternative to dismiss, the Court finds no cause to stay the proceedings and will deny the motion to stay as well.

**IT IS ORDERED** Defendant's motion for more a definite statement, or in the alternative to dismiss for failure to state a claim (doc. 11) is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** Defendant's motion to stay (doc. 12) is **DENIED**.

Dated this 16th day of March, 2022.

*Michael T. Morrissey*
Honorable Michael T. Morrissey
United States Magistrate Judge